# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MICHAEL PENNY, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-1666 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 9 |
| | : | | |
| U.S. DEPARTMENT OF JUSTICE, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

## I. INTRODUCTION

In this civil action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the plaintiff challenges the Drug Enforcement Administration's ("DEA") response to his requests for records pertaining to himself, other individuals and certain real property. The defendant moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Upon consideration of the parties' submissions and the entire record, the court dismisses without prejudice the plaintiff's claims premised on his request for third-party records because he failed to exhaust his administrative remedies with respect to those requests prior to commencing suit. With respect to his remaining requests, however, the court denies the defendant's motion without prejudice because the defendant has not submitted a competent affidavit demonstrating the reasonableness of its search efforts.

## II.  FACTUAL & PROCEDURAL BACKGROUND

In September 2006, the plaintiff requested DEA records pertaining to himself, a search warrant issued against him in August 1990, DEA agents who executed the search warrant and a retired case agent who allegedly made a statement about the plaintiff.  Def.'s Mot., Decl. of Leila I. Wassom ("Wassom Decl."), Ex. A.  In addition, he also requested records pertaining to the occupants at 4901 W. Congress, Chicago, Illinois, including himself and an individual named Tammie Brown.  *Id.*  By letter dated June 1, 2007, the DEA informed the plaintiff that it could not process his request for records pertaining to third parties without a notarized privacy waiver or proof of death for each third party.  *Id.*, Ex. F.  Subsequently, by letter dated June 6, 2007, the DEA informed the plaintiff that its search for records pertaining to himself and the aforementioned address returned no responsive records.  *Id.*, Ex. G.  The DEA's June 6 letter invited the plaintiff to offer additional search criteria that he felt would assist in conducting a more in-depth search and advised him of his right to appeal its determination to the Department of Justice's Office of Information and Privacy ("OIP").  *Id.*

The plaintiff appealed to the OIP, which, by letter dated July 26, 2007, affirmed the DEA's determinations.  *Id.*, Exs. H, J.  The plaintiff initiated this civil action on September 30, 2008.  *See generally* Compl.

## III.  ANALYSIS

### A.  The Court Dismisses Without Prejudice the Plaintiff's Claims Predicated on his Requests for Third-Party Records for Failure to Exhaust His Administrative Remedies

The defendant contends that because the plaintiff failed to exhaust his administrative remedies with respect to his requests for records pertaining to third parties, the claims predicated on those requests should be dismissed.  Def.'s Mot. at 10-12.  The plaintiff does not specifically address this argument.  *See generally* Pl.'s Opp'n.  The plaintiff concedes, however, that he did not provide the required third-party privacy waivers until several months after his administrative appeal to the OIP was denied.  Pl.'s Opp'n, Pl.'s Decl. ¶¶ 7-8, 15; Def.'s Mot. at 2.

"Exhaustion of administrative remedies is generally required before seeking judicial review 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'"  *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (quoting *Oglesby v. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)).  In the FOIA context, the exhaustion requirement is a prudential consideration, not a jurisdictional prerequisite, and therefore a plaintiff's failure to exhaust does not deprive the court of subject-matter jurisdiction.  *Id.*  But as a prudential consideration, the exhaustion requirement may still bar judicial review if both (1) the administrative scheme at issue and (2) the purposes of exhaustion support such a bar.  *Id.* (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003)).  With regard to the first factor, the D.C. Circuit has concluded that the FOIA's

administrative scheme supports barring judicial review.[1]  *Id.* (citing *Hidalgo*, 344 F.3d at 1259).  As for the second factor, courts look to see whether barring judicial review would "prevent[] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975); *see also Hidalgo*, 344 F.3d at 1259 (applying the *Weinberger* description of the purpose of exhaustion in the FOIA context).

In the instant case, the plaintiff has offered nothing to indicate that the defendant withheld any third-party records after the plaintiff submitted the required privacy waivers.  *See generally* Compl.; Pl.'s Opp'n.  To the contrary, it appears that the defendant has yet to formally respond to the plaintiff's requests for third-party records, as the defendant represents that it needs time to "authenticate the privacy waivers and begin its search for the third-party information." Def.'s Mot. at 11.  As a result, it would be premature at this juncture for the court to interfere with the agency's efforts to respond to the plaintiff's requests.  The court therefore dismisses

---

[1]  Specifically, the court has stated that

> [t]he FOIA expressly requires that an agency receiving a request for information (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal . . . .  If the denial of the request is upheld on appeal, the agency must notify the person making such request of the provisions for judicial review of that determination . . . .  As we have previously concluded, this statutory scheme requires each requestor to exhaust administrative remedies.

*Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003) (internal quotations and citations omitted).

without prejudice the plaintiff's claims predicated on his requests for third-party records based on his failure to exhaust administrative remedies.

### B.  The Defendant Is Not Entitled to Summary Judgment on Claims Predicated on the Plaintiff's Request for Non-Third Party Records

#### 1.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  In deciding whether there is a genuine issue of material fact, the court is to view the record in the light most favorable to the party opposing the motion, giving the non-movant the benefit of all favorable inferences that can reasonably be drawn from the record and the benefit of any doubt as to the existence of any genuine issue of material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  To determine which facts are "material," a court must look to the substantive law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action.  *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

The FOIA affords the public access to virtually any federal government record that FOIA itself does not specifically exempt from disclosure.  5 U.S.C. § 552; *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973).  The FOIA confers jurisdiction on the federal district courts to order the release of improperly withheld or redacted information.  5 U.S.C. § 552(a)(4)(B).  In a judicial review of an agency's response to a FOIA request, the defendant agency has the burden

of justifying nondisclosure, and the court must ascertain whether the agency has sustained its burden of demonstrating that the documents requested are exempt from disclosure under the FOIA and that the agency has adequately segregated exempt from non-exempt materials.  5 U.S.C. § 552(a)(4)(B); *Al-Fayed v. CIA*, 254 F.3d 300, 305 (D.C. Cir. 2001); *Summers v. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998); *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).  An agency may meet its burden by providing the requester with a *Vaughn* index, adequately describing each withheld document and explaining the reason for the withholding.  *Summers*, 140 F.3d at 1080; *King v. Dep't of Justice*, 830 F.2d 210, 224 (D.C. Cir. 1987); *Vaughn*, 484 F.2d 820 (fashioning what is now commonly referred to as a "*Vaughn* index").

The court may award summary judgment solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  When, as here, responsive records are not located, an agency is entitled to summary judgment if it establishes "beyond material doubt [] that it conducted a search reasonably calculated to uncover all relevant documents."  *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and  . . .  submitted in good faith."  *Id*. (citations and quotations omitted).  The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist)

were searched . . . ." *Oglesby*, 920 F.2d at 68; *accord Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999). "If the requester produces countervailing evidence placing the sufficiency of the identification or retrieval procedures genuinely in issue, summary judgment is inappropriate." *Spannaus v. CIA*, 841 F. Supp. 14, 16 (D.D.C. 1993) (*citing Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979)). In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness. *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998). An agency is required to produce only those records in its custody and control at the time of the FOIA request. *McGehee*, 697 F.2d at 1110.

### 2. The Defendant Has Not Established the Reasonableness of its Search

The defendant contends that summary judgment is warranted because the evidence demonstrates that it conducted a reasonable search for records responsive to the plaintiff's requests. *See* Def.'s Mot. at 9-10. To demonstrate the reasonableness of its search efforts, the defendant proffers the declaration of Leila I. Wassom, a DEA Paralegal Specialist assigned to the Administrative Law Section of the Office of Chief Counsel. Wassom Decl. ¶ 1. Wassom reviews FOIA requests made to the DEA for purposes of litigation. *Id*. ¶ 2. Her declaration is based on her review of the complaint "and the records maintained by the DEA Freedom of Information Operations Unit (SARO)," which is responsible for processing FOIA requests submitted to the agency. *Id*. ¶¶ 4-5. In short, Wassom states that the DEA conducted a comprehensive search in response to the plaintiff's request but recovered no responsive documents. *Id*. ¶¶ 16-22.

"A declarant in a FOIA case satisfies the personal knowledge requirement in Rule 56(e) if in [her] declaration, [she] attests to [her] personal knowledge of the procedures used in handling [a FOIA ] request and [her] familiarity with the documents in question." *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008) (citations and internal quotation marks omitted); *compare SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (noting that the individual in charge of a search is "the most appropriate person to provide a comprehensive affidavit" and may rely on information provided by third-parties with personal knowledge of the search efforts) (citing *Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir.1986)) *with Weisberg v. Dep't of Justice*, 627 F.2d 365, 369 (D.C. Cir. 1980) (vacating summary judgment because the district court improperly relied upon a statement provided by an individual with no personal knowledge of the object of the search and who did not rely on information provided by someone with actual knowledge).

Although Wassom's review of the DEA's official records qualifies her to testify about the procedures employed in processing the plaintiff's request, she neither attests to having personal knowledge about the search conducted, Wassom Decl. ¶ 19, nor states that she relied on information provided to her by individuals who actually performed the search, *see id*. ¶¶ 16-22. The court therefore denies the defendant's summary judgment motion with respect to his request for non-third party records without prejudice to reconsideration of a properly supported motion.

## IV.   CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss the claims predicated on the plaintiff's requests for third-party records and denies the defendant's motion for summary judgment with respect to the plaintiff's remaining claims.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 21st day of September, 2009.


                                                                    RICARDO M. URBINA
                                                                    United States District Judge