UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MICHAEL PENNY, | : | | |
| Plaintiff, | : | Civil Action No.: | 08-1666 (RMU) |
| v. | : | Re Document No.: | 18 |
| U.S. DEPARTMENT OF JUSTICE, | : | | |
| Defendant. | : | | |

# MEMORANDUM OPINION

### Granting the Defendant's Renewed Motion for Summary Judgment

## I. INTRODUCTION

In this civil action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the plaintiff challenges the Drug Enforcement Administration's ("DEA") response to his requests for records pertaining to himself, other individuals and certain real property. In a prior memorandum opinion, the court dismissed the plaintiff's claims predicated on his requests for third-party records, but denied without prejudice the defendant's motion for summary judgment on the plaintiff's requests for all other records, concluding that the defendant had not provided an affidavit from a witness competent to testify about the adequacy of those search efforts. The defendant now renews its motion for summary judgment as to its search for non-third party records. Upon consideration of the parties' supplemental submissions, the court grants the defendant's renewed motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

In September 2006, the plaintiff requested DEA records pertaining to himself, a search warrant issued against him in August 1990, DEA agents who executed the search warrant and a

retired case agent who allegedly made a statement about the plaintiff.[1]  Def.'s Renewed Mot. for Summ. J. at 1-2.  The plaintiff initiated this civil action on September 30, 2008.  *See generally* Compl.

On September 21, 2009, the court granted in part and denied in part without prejudice the defendant's motion to dismiss or, in the alternative, for summary judgment.  *See generally* Mem. Op. (Sept. 21, 2009).  The court dismissed the plaintiff's claims predicated on his requests for third-party records because the plaintiff had failed to exhaust his administrative remedies.  *See id.* at 3-4.  The court, however, denied the defendant's motion for summary judgment on the plaintiff's remaining claims, concluding that the defendant had failed to offer testimony from a witness with personal knowledge of the defendant's search efforts.  *See id.* at 7-8.

On October 5, 2009, the defendant filed this renewed motion for summary judgment, in which it attempts to remedy the deficiency identified in its prior motion.  *See generally* Def.'s Renewed Mot. for Summ. J.  The plaintiff filed his opposition on November 23, 2009, *see generally* Pl.'s Opp'n, and the motion is now ripe for adjudication.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir.

---

[1] A more detailed factual history of this case may be found in this court's prior memorandum opinion.  *See* Mem. Op. (Sept. 21, 2009) at 2.

1995).  In deciding whether there is a genuine issue of material fact, the court is to view the record in the light most favorable to the party opposing the motion, giving the non-movant the benefit of all favorable inferences that can reasonably be drawn from the record and the benefit of any doubt as to the existence of any genuine issue of material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  To determine which facts are "material," a court must look to the substantive law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action.  *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

The FOIA mandates full public disclosure of agency records unless the requested records "fall squarely" within one or more of the nine statutory exemptions.  *Wash. Post Co. v. U.S. Dep't of Agric.*, 943 F. Supp. 31, 33 (D.D.C. 1996) (*quoting Burka v. U.S. Dep't of Health & Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996)).  The court may award summary judgment solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

When responsive records are not located, an agency is entitled to summary judgment if it establishes "beyond material doubt [] that it conducted a search reasonably calculated to uncover all relevant documents."  *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they

are relatively detailed and nonconclusory and . . . submitted in good faith." *Id*. (citations and quotations omitted). The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *accord Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999). "If the requester produces countervailing evidence placing the sufficiency of the identification or retrieval procedures genuinely in issue, summary judgment is inappropriate." *Spannaus v. Cent. Intelligence Agency*, 841 F. Supp. 14, 16 (D.D.C. 1993) (*citing Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979)). In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness. *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998). An agency is required to produce only those records in its custody and control at the time of the FOIA request. *McGehee v. Cent. Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).

### B. The Defendant Conducted an Adequate Search for Responsive Records

In its initial dispositive motion, the defendant sought to demonstrate the adequacy of its search by relying on the affidavit of Leila Wassom, a DEA Paralegal Specialist who had reviewed the records maintained by the DEA Freedom of Information Operations Unit. *See generally* Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J., Decl. of Leila I. Wassom ("Wassom Decl."). The court concluded that Wassom's declaration was insufficient to establish the adequacy of the search. Mem. Op. (Sept. 21, 2005) at 7-8. Specifically, the court determined that although Wassom's review of the DEA's records qualified her to testify about the procedures employed in processing the plaintiff's request, Wassom had neither attested to having

4

personal knowledge about the search conducted nor stated that she had relied on information provided to her by individuals who actually performed the search. *Id.* at 7-8; *see also* FED. R. CIV. P. 56(e)(1) (providing that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated"); *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008) (explaining that "[a] declarant in a FOIA case satisfies the personal knowledge requirement in Rule 56(e) if in [her] declaration, [she] attests to [her] personal knowledge of the procedures used in handling [a FOIA ] request and [her] familiarity with the documents in question") (citations and internal quotation marks omitted).

In support of its renewed motion, the defendant proffers a supplemental declaration from Wassom, in which she clarifies that "[her] previous declaration was based on information provided to [her] by the [DEA Freedom of Information Operations Unit] SARO specialist who performed the search" and states that "[she] also performed a second search to ensure adequacy." Def.'s Renewed Mot. for Summ. J., Supplemental Decl. of Leila I. Wassom ("Supplemental Wassom Decl.") ¶ 6. Wassom further identifies the DEA Narcotics and Dangerous Drugs Information System Index ("NADDIS") as the database most likely to contain records responsive to the plaintiff's request. *See id*. ¶¶ 7-9. Wassom describes searches of NADDIS that were performed on January 30, 2007, May 7, 2007 and May 30, 2007 by a SARO specialist, utilizing "the plaintiff's name, the three Social Security Numbers [he provided], the plaintiff's date of birth, and the address provided by the plaintiff: 4901 W. Congress, Chicago, Illinois 60654."[2] *Id*. ¶ 10. In addition, Wasson describes the search of NADDIS she performed on September 28,

---

[2] "Individuals are indexed and identified in NADDIS by their name, [s]ocial [s]ecurity [n]umber, and/or date of birth." Supplemental Wassom Decl. ¶ 9.

2009, utilizing the same terms. *Id*. ¶ 11. Wassom states that none of the searches yielded records responsive to the plaintiff's requests. *Id*. ¶¶ 10, 11.

In his opposition, the plaintiff purports to challenge the adequacy of the defendant's search efforts. *See generally* Pl.'s Opp'n. The plaintiff, however, has failed to raise any specific evidence calling into question the reasonableness of the defendant's search efforts as set forth in Wassom's initial and supplemental declarations. *See generally id.* Thus, based upon Wassom's representations detailing the defendant's search for responsive records, the court concludes that the defendant has demonstrated that it performed an adequate search for responsive records and, as a result, grants the defendant's renewed motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendant's renewed motion for summary judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 19th day of May, 2010.

RICARDO M. URBINA
United States District Judge